UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Justin T. Quinn |
| | : | |
| v. | : | Mag. No. 25-6004 |
| | : | |
| JOHN MANGAN | : | <u>CRIMINAL COMPLAINT</u> |

I, James Pallante, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

/s/ James Pallante         ///mjb
James Pallante, Special Agent
Department of Homeland Security
Homeland Security Investigations

Attested to me by telephone,
pursuant to FRCP 4.1(b)(2)(A)

February  10   , 2025,
in the District of New Jersey,

_____
HONORABLE JUSTIN T. QUINN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

On or about October 29, 2024, in Ocean County, in the District of New Jersey, and elsewhere, the defendant,

## JOHN MANGAN,

did knowingly possess and attempt to possess a Samsung Galaxy Note 10 cell phone that contained at least three images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and which images were produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

ATTACHMENT B

I, James Pallante, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I have participated in this investigation, discussed this matter with other law enforcement officers, and have reviewed documents and other materials. Accordingly, I have personal knowledge of the facts set forth below. Because this criminal complaint is being submitted only for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause. Unless specifically indicated, all conversations and statements described in this complaint are related in sum and substance and in part, and all dates and figures are approximate.

1. Following an investigation, law enforcement obtained search warrants for the residence of John Mangan ("MANGAN") in Lanoka Harbor, New Jersey and for his person, which law enforcement executed on or about October 29, 2024. Mangan resided alone in or around October 2024, and Mangan was the only individual at the residence when law enforcement executed the search warrants.

2. During the search of MANGAN's residence, law enforcement seized, among other things, a Samsung Galaxy Note 10 cell phone from MANGAN's bedroom (the "Cellphone"). Law enforcement learned after the search that the the "device name" for the Cellphone was "John's Note10" and the telephone number assigned to the Cellphone was subscribed to MANGAN.

3. Law enforcement discovered on the Cellphone approximately 263 images depicting child pornography, including images depicting prepubescent minors engaged in sexually explicit conduct. Law enforcement located these images in certain "cache" folders[1] on the Cellphone, indicating that copies of these images at one time existed in the Cellphone's "Gallery" and "My Files" applications on the Cellphone—two applications designed to store, organize, and access image files. Notwithstanding this, law enforcement did not locate copies of these images within the "Gallery" and "My Files" applications, further indicating that the user of the Cellphone likely deleted the photographs from those applications at some point before law enforcement searched the Cellphone.

4. Summaries of three of these 263 images include:

| FILENAME | DESCRIPTION |
|---|---|
| Image 133.jpg | The image depicts a prepubescent female, approximately three to five years old. An adult male is penetrating the victim's anus with his penis, while the adult male uses his fingers to manipulate the victim's vagina. |

| FILENAME | DESCRIPTION |
|---|---|
| 6902160621142547140.0 | The image depicts a prepubescent male, approximately nine to eleven years old, laying supine and pulling his knees to his shoulders. An adult male is penetrating the victim's anus with his penis. |
| 5947939069902899897.0 | The image depicts a blindfolded prepubescent male, approximately nine to eleven years old, laying on a bed with his upper torso and head on a pillow. A naked teenage male, approximately thirteen to fifteen years old, is penetrating the prepubescent male's anus with his penis. |

5.  In reviewing the internet browser history found on the Cellphone, law enforcement identified several Uniform Resource Locators ("URLs") that direct to Potato Chat, a messaging application in which users can circulate media files to other users. As observed by law enforcement, one of those URLs linked to a Potato Chat group in which users were engaged in the distribution of child pornography.

6.  Law enforcement also reviewed the "user dictionary" on the Cellphone. A user dictionary refers to a personalized list of words that may be added to a cellphone's keyboard settings, either manually or automatically, allowing the system to suggest and autocorrect words that are not part of the standard dictionary but are frequently used by the individual, like names, nicknames, or specialized terms. The user dictionary on the Cellphone included terms such as: "pedo," "realtouchboys," "young.boys," "thaiboy," "incest," "14yr," "kidschubby," "boystown," and "pedophile."

7.  MANGAN has previously been convicted of two sexual offenses involving minors. On or about May 8, 1997, MANGAN was convicted of sexual assault in the second degree, in violation of N.J.S.A. 2C:14-2(c)(5) and sentenced to four years' imprisonment. According to records of the conviction, MANGAN, who was at the time a school principal, sexually penetrated a 15-year-old student of his. Years later, on or about October 8, 2009, MANGAN was sentenced in the

---

[1] A cache is a temporary data storage area, typically reserved for information that a device may access again in the future. For example, when a user visits a web page, a copy of the information on the website may be stored in a cache so that the information can be accessed more quickly when a user visits the website again.

Additionally, when a user deletes an item from a cellphone, a copy of that item may still appear in the cache, even though the item is no longer found at its original source location.

U.S. District Court for the District of New Jersey to 120 months' imprisonment, followed by five years' supervised release, for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

8.    Based on my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge and belief, the images of child pornography found on the Cellphone were transported and transmitted in interstate commerce and were transported and transmitted using any means and facility of interstate and foreign commerce, including by computer, and the images of child pornography found on the Cellphone further were produced using materials that were mailed, shipped, and transported in or affecting interstate or foreign commerce by any means, including by computer.